UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REFX AUDIO SOFTWARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-89, <br><br> Defendants. | Case No.: TBD <br><br> Judge: `3:13cv322(JCH)` <br><br><br> **JURY TRIAL DEMANDED** |

**ORDER**

**WHEREAS** on March 8, 2013, Plaintiff reFX Audio Software, Inc. filed a Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference (the "Motion"); and

**WHEREAS** the Court finds that there is good cause to grant the relief requested therein based upon Plaintiff's necessity to serve subpoenas upon Internet Service Providers ("ISPs");

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to take discovery is granted;

**IT IS FURTHER ORDERED** that Plaintiff may immediately serve discovery on the third party ISPs identified in Exhibit A to plaintiff's complaint to obtain the identity of each subscriber by serving a subpoena pursuant to Fed. R. Civ. P. Rule 45 that seeks documents and information sufficient to identify the account holder for each IP address allegedly used by Doe Defendants to infringe Plaintiff's copyrighted software, including the name, current (and permanent) addresses, e-mail addresses, Media Access Control addresses, and any policies and agreements governing the use of the account and IP address, including but not limited to any Terms of Service, Authorized Use Policy or Copyright Infringement Policy, that were in effect at the time of the alleged infringement.  The disclosure of this information is consistent with the

ISPs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides:

> (2) A cable operator may disclose [personally identifiable] information if the disclosure is
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified by such order by the person to whom the order is directed.

**IT IS FURTHER ORDERED** that Plaintiff may serve a Rule 45 subpoena also upon any intermediary ISP that may be identified in response to a subpoena as providing internet services to one or more of the subscribers via the identified IP addresses;

**IT IS FURTHER ORDERED** that, not later than sixty (60) days from the date of this order, the third party ISP shall serve the subscribers with a copy of the Rule 45 subpoena and a copy of this order. The ISPs may serve subscribers using reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that, not later than one hundred twenty (120) days from the date of this order, subscribers may file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously (the "motion period"). The ISPs shall not turn over any Doe Defendants' identifying information to Plaintiff reFX Audio Software Inc. prior to the expiration of this motion period. If a subscriber, Doe Defendant or ISP files a motion to quash or otherwise challenges the subpoena, the ISPs shall not turn over to Plaintiff any information relating to such moving party until the issues have been addressed and the Court issues an order instructing the ISPs to turn over the requested discovery.

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including one hundred forty (140) days from the date of this order, by which to file a consolidated brief in response to any filed motions.  Any reply briefs shall be filed by the moving party no later than fourteen (14) days after Plaintiff's brief in response to the filed motion.

**IT IS FURTHER ORDERED** that the ISPs shall have up to and including seven (7) business days from the close of the motion period by which to produce to Plaintiff reFX Audio Software Inc. the information responsive to the subpoena as to any <u>non-moving</u> subscriber only.

**IT IS FURTHER ORDERED** that a subscriber, Doe Defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of their respective contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act as set out in the Complaint in this cause and for prosecuting this action, or other actions to enforce its copyrights alleged in the complaint.

**IT IS FURTHER ORDERED** that each Rule 45 subpoena served upon a third party ISP pursuant to this order shall have a copy of this order attached.

**IT IS FURTHER ORDERED** that an ISP that receives a subpoena pursuant to this order shall confer with Plaintiff reFX Audio Software Inc. and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall charge only reasonable costs

incurred and provide a billing summary and cost report to Plaintiff at the time it produces records to Plaintiff for payment on net thirty (30) days.

**IT IS FURTHER ORDERED** that Plaintiff reFX Audio Software Inc. shall serve a copy of this Opinion and Order along with any subpoenas issued pursuant to this order to the listed ISPs.

**IT IS FURTHER ORDERED** that the period within which Plaintiff must effectuate service in this cause of action shall commence one hundred twenty (120) days from the date of this order, with respect to any non-moving Doe Defendant whose identifying information is required to be produced to Plaintiff on or before such date.

**IT IS FURTHER ORDERED** that the 120-day period within which Plaintiff must effectuate service with respect to any moving Doe Defendant shall be determined upon the resolution of the respective Defendants' motions, if any, contesting the Rule 45 subpoena(s) issued to the ISPs in this cause and until such time, this deadline shall be and is hereby suspended until further order of the court.

Dated: March 20, 2013      By: /s/ Janet C. Hall
                               Janet C. Hall
                               United States District Judge